**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 2008-210(WOB)**

STEVEN HELFRICH                                               PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

CITY OF LAKESIDE
PARK, ET AL                                                   DEFENDANTS


Pursuant to the Order entered on September 30, 2010 (Doc. 65), the court issues the following Memorandum Opinion and Order.

The facts of this case are thoroughly set out in the Report and Recommendation ("R&R") of United States Magistrate Judge Candace J. Smith, (Doc. 61), and the court need not repeat them here. Defendant's objections to the R&R pertain only to the report's recommended legal conclusions on certain claims, as discussed below. (Doc. 62)

### A. Partial Denial of Summary Judgment on False Arrest Claim

Following the altercation and arrest that led to this lawsuit, the facts of which are fully set forth in the R&R, plaintiff was charged with disorderly conduct, alcohol intoxication, resisting arrest, and assault in the third degree. Plaintiff pleaded guilty to the disorderly conduct charge, into which the charges for alcohol intoxication and resisting arrest were merged. The assault charge was dismissed.

In her report, the Magistrate Judge recommends that defendant Officer Rodriguez's motion for summary judgment be granted as to the claim for false arrest premised on the disorderly conduct charge based on the well-settled principle that pleading guilty to a criminal charge estops the plaintiff from challenging probable cause for the arrest for that violation for purposes of a section 1983 claim, under *Heck v. Humphrey*, 512 U.S. 477 (1994). (R&R at 8-9)

However, the Magistrate Judge further recommends that the motion for summary judgment be denied insofar as the false arrest claim could be construed to be based on the other offenses with which plaintiff was charged. (R&R at 9-10) The court disagrees.

The Sixth Circuit has held that, even where probable cause is lacking to arrest plaintiff for the crime charged, proof that probable cause existed to arrest plaintiff for another offense may entitle the arresting officer to qualified immunity on a false arrest claim under § 1983. *See Avery v. King*, 110 F.3d 12, 14 (6th Cir. 1997) (holding that officer was entitled to qualified immunity on unlawful arrest claim because, although he lacked probable cause for offense for which plaintiff was arrested, probable cause existed to arrest her on related charge). *See also Cain v. Irvin*, 286 Fed. App'x 920, 925 (6th Cir. 2008) (similar); *Bennett v. P/O Schroeder*, 99 Fed. App'x 707, 715-16 (6th Cir. 2004) (similar). *See also Devenpeck v.*

*Alford*, 543 U.S. 146, 155-56 (2004) (holding that arrest of driver for impersonating a police officer or obstruction of justice could be supported by probable cause, even though such offenses were not "closely related" to the offense stated by the officer as the reason for the arrest).

Here, the offenses with which plaintiff was charged were all related and based on the same unbroken chain of events occurring close in time. The case is thus factually distinguishable from *Sandul v. Larson*, No. 94-1233, 1995 WL 216919 (6th Cir. April 11, 1995), in which the plaintiff was charged with two unrelated offenses arising out of different conduct which occurred at different locations. The case also predates the Supreme Court and other Sixth Circuit authority cited above.

Therefore, the court concludes that defendants' motion for summary judgment should be granted on all aspects of the false arrest claim, and that defendant's objections to this part of the R&R are well-taken.

### B. **Excessive Force/Assault and Battery**

The court has conducted a de novo review of the record herein, including pertinent deposition testimony, and it concludes that the objections to the R&R must be overruled insofar as they pertain to the Magistrate Judge's recommendation that the motion for summary judgment be denied on the excessive force claim.

The Magistrate Judge correctly concluded that there is a triable issue as to whether Officer Rodriguez's use of the Taser on plaintiff was objectively reasonable, given the dispute in the testimony as to whether plaintiff was kicking at Officer Rodriguez as he attempted to place plaintiff into the police cruiser. *See Kijowski v. City of Niles*, 372 Fed. App'x 595, 599-600 (6th Cir. 2010) (holding that issue of fact existed on claim for excessive force based on tazing, as testimony differed as to whether plaintiff was actively resisting arrest).

That same dispute precludes the grant of the motion for summary judgment on the defense of qualified immunity, as it has been well-established since at least 2006, prior to the underlying events in this case, that the use of a Taser on a non-resisting subject is unlawful. *Id.* at 601. There is, thus, an issue of fact which prevents the court from ruling on the qualified immunity issue at this time. The issue must be resolved by a trial.

Finally, this dispute in the testimony also precludes the entry of summary judgment on plaintiff's state law claim for assault and battery.

Therefore, having reviewed this matter, and being otherwise sufficiently advised,

**IT IS ORDERED** that:

(1) The Report and Recommendation (Doc. 61) be, and is hereby, **ADOPTED IN PART AND REJECTED IN PART**, as noted above;

(2) In accord therewith, plaintiff's motion for partial summary judgment (Doc. 34) be, and is hereby, **DENIED**; and

(3) Defendants' motion for summary judgment (Doc. 36) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, in accord with the above discussion. The motion is granted as to the § 1983 claim for false arrest in its entirety, the § 1983 claim for municipal liability, the state law claims for negligent and intentional infliction of emotional distress, and the state law claims against the Lakeside Park Crestview Hills Police Authority ("LPCHPA"). The LPCHPA is thus **DISMISSED** as a party to this action. The motion is denied as to all other claims.

This 4th day of October, 2010.



**Signed By:**
*William O. Bertelsman*  WOB
**United States District Judge**